<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000825
03-MAR-2023
07:51 AM
Dkt. 184 SO**</span>

NO. CAAP-18-0000825


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GREEN TREE SERVICING LLC,
Plaintiff/Counterclaim Defendant-Appellee, vs.
ROSY ESPRECION THOMAS,
Defendant/Counterclaim Plaintiff-Appellant, and
APRIL ROSE ANUHEA THOMAS; BRADLEY SCOTT THOMAS;
UNITED STATES OF AMERICA, Defendants-Appellees, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND
DOE GOVERNMENTAL UNITS 1-50, Defendants,

AND

ROSY ESPRECION THOMAS; APRIL ROSE ANUHEA (THOMAS) GARCIA;
AND BRADLEY SCOTT THOMAS, Counterclaim Plaintiffs-Appellees, vs.
GREEN TREE SERVICING, LLC NOW KNOWN AS DITECH FINANCIAL, LLC;
RCO HAWAII, LLC; BLUE KAANEHE; STEVEN IDEMOTO; TMLF HAWAII,
LLC; CHARLES R. PRATHER; PETER T. STONE; ANYA M. PEREZ;
SKYLAR G. LUCAS; DEREK W.C. WONG; JASON L. COTTON;
STARN O'TOOLE; MARCUS & FISHER; STEPHANIE E.W. THOMPSON;
KUKUI CLAYDON; JEANETTE H. CASTAGNETTI; DENNIS P.
SIMONCELLI; MERS; AND DOES 1-50,
Counterclaim Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2392)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Self-represented Defendant-Appellant Rosy Esprecion Thomas (**Thomas**) appeals from the November 7, 2018 Judgment (**Judgment on Confirmation Order**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Thomas also challenges the Circuit Court's Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance (**Confirmation Order**) and Writ of Ejectment (**Writ of Ejectment**), both entered on November 7, 2018, as well as the Circuit Court's decision to strike several of her motions due to noncompliance with the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) and the Hawaiʻi Rules of Civil Procedure (**HRCP**).

Thomas purports to additionally challenge the Circuit Court's September 30, 2016 Judgment (**Foreclosure Judgment**) and its Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure, which were entered on September 30, 2016 (**Foreclosure Decree**).

Thomas's opening brief fails to state where in the record each error allegedly occurred and where in the record the

---

[1]    The Honorable Bert I. Ayabe (**Judge Ayabe**) presided and entered the Foreclosure Order and Foreclosure Judgment.  The Honorable Jeannette H. Castagnetti (**Judge Castagnetti**) was assigned to the case on January 6, 2017, and presided until October 9, 2018, when the case was reassigned back to Judge Ayabe.

alleged error was objected to.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Thomas also largely failed to cite pertinent authorities, statutes, and parts of the record that her arguments relied upon.  See HRAP Rule 28(b)(7).  Nevertheless, we interpret self-represented claims liberally and will address Thomas's arguments to the extent we are able to discern them.  See, e.g., Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020).

Thomas appears to assert eight points of error on appeal.  The first seven points of error seek to challenge or appear to challenge the Foreclosure Judgment and Foreclosure Decree, which were entered in favor of Plaintiff-Appellee Green Tree Servicing, LLC (**Green Tree**).  In her final point of error, Thomas contends that the foreclosure commissioner (**Commissioner**) unlawfully auctioned the subject property to fictitious characters he created or persons he conspired with.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we address Thomas's arguments as follows:

We have appellate jurisdiction over the instant appeal for the limited purpose of reviewing the Judgment on Confirmation Order and the Circuit Court rulings made reviewable pursuant thereto.  The Judgment on Confirmation Order is certified under

HRCP Rule 54(b) and appealable pursuant to Hawaii Revised Statutes (**HRS**) § 667-51(a)(2) (2016), and Thomas's October 26, 2018 notice of appeal timely invoked our appellate jurisdiction to review it under HRAP Rule 4(a)(1).

Thomas's failure to seek timely appellate review of the Circuit Court's earlier Foreclosure Judgment on the Foreclosure Decree pursuant to HRS § 667-51(a)(1) rendered that Foreclosure Judgment "final and binding." Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013). Thereafter, "in the context of proceedings to confirm the sale of foreclosed property, the judgment of foreclosure has a preclusive effect." Id. at 18, 304 P.3d at 1199. The failure of an aggrieved party to timely appeal from a judgment on the decree of foreclosure pursuant to HRS § 667-51(a)(1), precludes subsequent appellate review of that judgment on the decree of foreclosure by way of an appeal from a judgment on an order confirming the sale of the foreclosed property. Id. at 17-18, 304 P.3d at 1198-99.

Thomas failed to timely appeal from the Foreclosure Judgment and Foreclosure Decree, and the merits of the Foreclosure Decree are not reviewable in this appeal. See id. at 17, 304 P.3d at 1198; see also Bank of N.Y. Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 368, 400 P.3d 559, 569 (2017) (holding that "[a]n appellant cannot challenge the merits of a foreclosure decree in an appeal of an order confirming sale[]" because "[o]rders confirming sale are separately appealable from the

decree of foreclosure.") (brackets and citation omitted); Royce v. Plaza Home Mortg., Inc., No. CAAP-19-0000757, 2022 WL 17335413, at *2-3 (Haw. App. Nov. 30, 2022) (SDO) (holding that res judicata precluded self-represented plaintiffs from challenging the foreclosure judgment after they did not timely appeal the judgment).

Thomas's first seven points of error appear to pertain to the entry of the Foreclosure Decree and therefore, they are not properly before this court on appeal.

Thomas's final point of error is related to the Confirmation Order and Judgment on Confirmation Order inasmuch as she argues that the Commissioner unlawfully auctioned the subject property to fictitious persons. Thomas attaches certain exhibits to the opening brief that she asserts are supportive of this argument. However, Thomas did not raise this argument or offer these exhibits in the Circuit Court proceedings on the confirmation of sale, either in her October 10, 2018 opposition to the motion for confirmation of the sale of the subject property or in Thomas's October 25, 2018 motion seeking, *inter alia*, to vacate the (then pending) Confirmation Order. "Legal issues not raised in the trial court are ordinarily deemed waived on appeal." Assn of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002). Therefore, Thomas's argument that the Commissioner unlawfully

auctioned the subject property to fictitious persons will be disregarded.  <u>See</u> <u>also</u> HRAP Rule 28(b)(4).[2]

For these reasons, the Circuit Court's November 7, 2018 Judgment on Confirmation Order is affirmed.

DATED: Honolulu, Hawaiʻi, March 3, 2023.

On the briefs:

Rosy Sotto Esprecion Thomas,
*Pro Se* Defendant-Appellant/
 Counterclaimant-Appellant.

Patricia Ohara,
Robyn B. Chun,
Deputy Attorneys General,
for Counterclaim Defendants-
 Appellees the Honorable
 Jeannette Castagnetti and
 Dennis P. Simoncelli.

Charles R. Prather,
Skylar G. Lucas,
Peter T. Stone,
(TMLF Hawaii LLLC),
for Plaintiff-Appellee/
 Counterclaim Defendant-Appellee
 Green Tree Servicing LLC.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[2]    As they are not properly before this court on appeal from the November 7, 2018 Judgment on Confirmation Order, we do not have jurisdiction to review the Order Granting Counterclaim Defendants the Honorable Jeannette H. Castagnetti and Dennis P. Simoncelli's Motion to Dismiss with Prejudice filed on January 25, 2019, or the March 11, 2019 Judgment.  We note that neither of these are part of the record on appeal in this case.